**BRENDAMOUR, INC., Plaintiff-Appellee, v. ARTHUR MURRAY DANCE STUDIO, INC., Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 7342. Decided January 29, 1951.

Barbour, Kimpel & Allen, Cincinnati, for plaintiff-appellee.
Galvin, Tracy, Geoghegan, Levy & Milliken, Cincinnati, for defendant-appellant.

## OPINION

By THE COURT:

An examination of the record discloses no error, prejudicial to the appellant. The judgment is, therefore, affirmed.

ROSS, PJ, HILDEBRANT, J, concur.
MATTHEWS, J, dissenting in separate memorandum.

MATTHEWS, J, dissenting:

This is an appeal from a judgment rendered by the Municipal Court of Cincinnati, in favor of the plaintiff-appellee for damages caused to a stock of goods and fixtures by water.

The plaintiff alleged in its bill of particulars that the defendant was the occupant and in exclusive possession "of the second floor of the premises located at 529 Main Street,

Cincinnati, Ohio, that said defendant occupies said premises by virtue of assignment to it of a certain lease originally held by Robert W. Knight from the estate of Bertha W. Harrison, owner of said premises. Plaintiff further says that the premises leased and occupied by the defendant are located directly above the premises leased and occupied by the plaintiff."

The plaintiff also alleged that "on the night of December 14th, 1949, the defendant caused or permitted a certain toilet located in its premises to become stopped, whereby the water from the same overflowed and ran down into the store room occupied by plaintiff, causing the damage hereinafter set forth."

The plaintiff further alleged that "as a result of the carelessness and negligence of the defendant in permitting said toilet to overflow and the water to enter plaintiff's store" its fixtures and stock of merchandise were damaged.

In its statement of defense, the defendant admitted that it and plaintiff were corporations, that it occupied and was in exclusive possession of the second floor of the premises located at 529 Main Street, Cincinnati, Ohio, and that said premises were directly above the premises leased and occupied by the plaintiff. The defendant further admitted "That on the night of December 14th, 1949, certain toilets located on the premises overflowed."

At the trial without a jury, the plaintiff introduced evidence that when its president arrived at its store on the morning of December 15th, 1949, water was running and dripping from the ceiling onto its fixtures and merchandise, that the water was turned off at the meter, but no evidence was introduced as to its location, that the water then stopped dripping, and further proved the damage, and then rested. The defendant then moved for judgment, which the Court overruled. Thereupon the defendant rested without introducing any evidence.

It will be noted that no evidence whatever was presented as to what caused the toilet to overflow. The plaintiff alleged that it clogged, but the defendant did not admit that and there was no proof. All the record shows as to the defendant's participation in this occurrence is what it admits in its answer or statement of defense and that is that it was in exclusive possession of the premises above the plaintiff's premises, that it and plaintiff occupied their respective premises under leases from the same lessor, that a toilet was located on the floor occupied by it, which, on the night of December 14th, 1949, overflowed.

The cause of the overflowing is a matter of pure specula-

tion, unless we can say that no matter what the specific circumstances may be, an inference may reasonably be drawn that the defendant's negligence was involved.

Attention should be called to the fact that the instrumentality producing the damage was not in the exclusive possession of the defendant, disconnected from other instrumentalities in the possession and under control of others. The toilet located on the second floor of this building was a small part of a vast water works and sewage system. We do not know what caused it to overflow. If, as plaintiff alleged, but failed to prove, it became clogged, that clogging could have taken place far removed from defendant's premises. Indeed, it could conceivably have occurred on the plaintiff's premises and produced the overflowing of defendant's toilet.

It should also be noted that the means of proving the cause of the overflowing of the toilet were as available to the plaintiff as to the defendant. In fact, plaintiff was on the scene first.

The trial court found as its conclusions of law that:— "The overflow of water from toilet in defendant's premises was sufficient prima facie evidence to establish negligence against defendant in absence of some explanaiton negativing want of care on its part."

Whether that conclusion of the trial court is justified is the question raised by this appeal. My associates are of the opinion that it is. I find myself unable to concur.

The plaintiff-appellant says that the question presented is whether the evidence and admissions in the pleadings call for the application of the doctrine of res ipsa loquitur. The plaintiff-appellee asserts that the doctrine is applicable.

As I understand the doctrine of res ipsa loquitur, it is no more nor less than a special instance of proof by circumstantial evidence, the test being the same as in all cases where it is claimed the fact is established by circumstantial evidence, and that is whether it can be said that the probative inference can be drawn without departing from the bounds of rationality, in other words, whether the conclusion is a rational inference or a mere guess. It is my belief that the conclusion that this toilet was caused to overflow because of defendant-appellant's negligence is a mere guess or conjecture and not a reasonable inference from any admitted or proven circumstance.

Courts have found during the years from experience that the evaluation of evidential data and the drawing of inferences therefrom is perhaps the most difficult task with which they are confronted. To lighten this task, the tendency has been to establish rules and categories, notwithstanding the

rarity with which specific circumstances repeat themselves. This tendency, to establish general rules, largely accounts for the doctrine of and the slogan res ipsa loquitur. Of course, in using the slogan, the fact that any circumstance in any case of any evidential value must speak for itself is not stated, although manifestly that is the fact.

The plaintiff-appellant seems to rely chiefly upon the case of Altman v. Devou, 18 N. P. (N. S.) 487 decided by the Common Pleas Court of Hamilton County. He argues that the facts and circumstances are identical and that the court held that the principle of res ipsa loquitur applied. I do not think the facts are identical. In that case the defendant was the owner of the entire building and in exclusive possession of the whole building except the first floor, which he had leased to the plaintiff. A water pipe burst. The case before us is a controversy between two tenants of portions of a building owned by their common landlord. It seems to me obvious that the possibility of an intervening agency, other than the tenant's negligence causing a toilet to overflow, is greater than such an intervening agency explaining the bursting of a water pipe, rather than the failure of the owner to inspect and replace a corroded and defective pipe. Altman v. Devou was affirmed by the Court of Appeals without opinion.

The defendant-appellant contends that if the Court of Appeals in affirming Altman v. Devou meant to approve the opinion of the Common Pleas Court, it later changed its opinion as shown by its later decision of **Heil v. Proctor, 12 Oh Ap 35**. The decision was by different Judges and there is nothing in the opinion that conflicts with Altman v. Devou. The facts developed in Heil v. Proctor were much more detailed. The plaintiff and defendants in that case, as in this case, were tenants of portions of a building owned by their common lessor. The defendant—the lessee of the upper floor—was a book-binder. He carried the key to a room where a sink was located. On a Monday morning certain glue pots and other utensils, used by defendant in his business, were found in the sink; that soft, mushy glue had escaped from the pots and clogged the outlet resulting in water overflowing. There was evidence that the defendant relied on the lessor under certain circumstances to turn the water off in the hall. There were other circumstances developed.

The Court, without mentioning the doctrine of res ipsa loquitur, either expressly or impliedly, analyzed the evidence and reached the conclusion that there was sufficient circumstantial evidence of negligence to justify its submission to the jury. The court in passing upon a point of pleading could

be said to have impliedly indicated its belief that more than the mere happening had to be alleged. The averment of the petition was "That the defendant—negligently and carelessly caused and allowed large quantities of water to overflow said sink—and run and flow through the floors and down into the rooms occupied by the plaintiff as tenant." There was no objection of any sort to this petition in the trial court, but on appeal it was urged that it was too indefinite. In passing upon this contention, the Court of Appeals said: "This court is of the opinion that the petition would be subject to a motion to make more definite and certain, but that the defendant having answered by a general denial and gone to trial without objection, it is too late thereafter to contend that the petition was insufficient."

If the overflowing itself bespoke negligence on defendant's part, the petition did not require any more definite averments.

It would serve no purpose to discuss the many cases in which courts have analyzed records to determine whether sufficient circumstantial evidence appeared to justify submission to the trier of the facts. It is a problem of sound reasoning in every case. The res ipsa loquitur doctrine cases differ only from other cases of circumstantial evidence in that in them there is usually, if not always, one dominating fact from which an inference may reasonably be drawn.

This whole subject was considered by the Supreme Court in the case of **Soltz v. Colony Recreation Center, 151 Oh St, 503,** in which it approved the refusal of the trial court to instruct the jury on the principle of res ipsa loquitur in an action to recover damages caused by a fire that originated in that portion of a building occupied by the defendant tenant. I quote the first paragraph of the syllabus to that case:

"The doctrine of res ipsa loquitur may be applicable where (a) the instrumentality causing the injury was under the exclusive management and control of the defendant and (b) 'the accident occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.' (**Fink v. N. Y. Central Rd. Co. 144 Oh St, 1,** approved and followed.)"

At page 511, the court said:

"In effect, before applying the doctrine of res ipsa loquitur, the court must be warranted in taking judicial notice of the fact that the accident does not happen in the ordinary course of events unless there is negligence. See Cincinnati Traction Co. v. Holzenkamp, supra, at 389. When ordinary care does not require a great amount of care, it will be just as likely,

in the absence of evidence tending to prove negligence, that the accident was due to a cause other than negligence."

It is my view that the defendant-appellant was only charged with the duty of exercising ordinary care in and about its premises, and that the circumstances do not show that the operation of this toilet was in its exclusive control, or that in the ordinary course of events, the overflowing would not have occurred had ordinary care been observed.

It seems to me that to charge the appellant on this record is to impose liability without proven fault. It may be that sound policy would justify imposing such liability, but that is not the law of Ohio.

It also seems to me the court erred in admitting evidence of other instances of the overflowing of this toilet.

For these reasons, I favor the reversal of the judgment and entering final judgment for the defendant-appellant on its motion for judgment made at the trial.